**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOMMIE H. TELFAIR,<br>Petitioner,<br>v.<br>DAVID E. ORTIZ,<br>Respondents. | Civil Action No. 20-20342 (RBK)<br><br>**OPINION** |

KUGLER, United States District Judge

Petitioner is a federal prisoner who was formerly incarcerated at FCI Fort Dix, in Fort Dix, New Jersey, and is currently incarcerated at USP Canaan, in Waymart, Pennsylvania. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and pursuant to the common law writ of *audita querela*. (ECF No. 7.) Additionally, Petitioner filed letters as supplemental briefing, and the Court has considered those letters as part of his Petition. (ECF Nos. 9, 10, 12.) For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

In a recent Opinion, Judge Mcnulty set forth the procedural history of Petitioner's numerous cases as follows:

> In February 2010, Petitioner was convicted by a jury of conspiracy to distribute and possess with intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(I), and of distribution and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 18 U.S.C. § 2. *See* Judgment of Conviction, *United States v. Telfair*, Crim. No. 08-0757 (D.N.J. Nov. 23, 2011), DE 95. Petitioner was sentenced to 240 months' imprisonment. *See id.* The U.S. Court of Appeals for the Third Circuit affirmed Petitioner's conviction and sentence. *See United States v. Telfair*, 507 F. App'x [164], 179 (3d Cir. 2012).

Petitioner's request for a writ of certiorari to the United States Supreme Court was denied. *See Telfair v. United States*, 571 U.S. 866 (2013), *rehearing denied*, 571 U.S. 1105 (2013).

In October 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Telfair v. United States*, Civ. No. 13-6585 (D.N.J. Oct. 25, 2013), DE 1. The Honorable Susan D. Wigenton, U.S.D.J., granted Petitioner an evidentiary hearing on his *Miranda* claim, but denied the rest. *See* Order, *Telfair*, Civ No. 13-6585 (Feb. 17, 2016), DE 37. Following the evidentiary hearing, Judge Wigenton denied Petitioner's *Miranda* claim as well. *See* Order, *Telfair*, Civ No. 13-6585 (Sept. 25, 2017), DE 59. The Third Circuit denied Petitioner's request for a certificate of appealability. *See* Order of USCA, *Telfair*, Civ. No. 13-6585 (June 19, 2018), DE 74. Thereafter, Petitioner filed an untimely motion for reconsideration of the denial of his § 2255, as well as a motion under Fed. R. Civ. P. 60(b), which incorporated a request for leave to file a second § 2255 motion. Both of those motions were denied. *See* Opinion and Order, *Telfair*, Civ No. 13-6585 (Nov. 18, 2018), DE 78, 79.

In August 2016, while his § 2255 matter was still pending, Petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. *See* Petition, *Telfair v. United States*, Civ. No. 16-5085 (D.N.J. Aug. 19, 2013), DE 1. Judge Wigenton dismissed the petition without prejudice, finding that it was essentially a second motion to vacate his sentence under § 2255 and that any new claims Petitioner raised were time-barred. *See* Opinion, *Telfair*, Civ. No. 16-5085 (Sept. 20, 2016), DE 3. Petitioner filed a motion for reconsideration, which the Court denied on December 1, 2016. *See* Order, *Telfair*, Civ. No. 16-5085 (Dec. 1, 2016), DE 7. The Third Circuit affirmed the dismissal of this § 2241 petition. *See Telfair v. Attorney Gen. United States, et al.*, Civ. No. 16-4417 (3d Cir. Feb. 28, 2017). The Supreme Court denied Petitioner's for a writ of certiorari. *See Telfair v. Sessions*, Civ. No. 16-8636 (U.S. May 15, 2017).

In September 2016, Petitioner filed a second § 2241 petition before then-Chief Judge Jerome B. Simandle, U.S.D.J. *See Telfair v. Lynch, et al.*, Civ. No. 16-5372, 2017 WL 3783693, at *1 (D.N.J. Aug. 30, 2017). Judge Simandle dismissed the petition, finding that it was duplicative of Petitioner's first § 2241 petition before Judge Wigenton. *See id.* at *1-2.

In 2017, Petitioner filed a third § 2241 petition. *See* Petition, *Telfair v. Ortiz*, Civ. No. 17-6065 (D.N.J. Jul. 11, 2017), DE 1. Petitioner

> argued that the District Court was not a "true" federal court and that it therefore lacked personal jurisdiction over him. *See id.* Judge Wigenton found that the petition was essentially another § 2255 motion. *See* Order, *Telfair*, Civ. No. 17-6065 (Sept. 28, 2017), DE 3. Construing the petition as a § 2255 motion, Judge Wigenton determined that Petitioner's newly raised claims were time-barred. *See id.* The petition was dismissed without prejudice. *See id.* Beginning in November 2018 and ending in May 2019, Petitioner filed a series of motions and letter applications pursuant to Fed. R. Crim. P. 35 and 18 U.S.C. § 3582. Those applications, filed in his criminal case, sought to challenge or modify his sentence. I denied these motions. *See* Opinion and Order *Telfair*, Crim. No. 08-0757 (Sept. 4, 2019), DE 117.
>
> In April 2019, Petitioner filed a fourth § 2241 petition. *See* Petition, *Telfair v. United States*, Civ. No. 19-9379 (D.N.J. Apr. 8, 2019), DE 1. Here, Petitioner again challenged his conviction arguing that, under the savings clause and pursuant to the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014), he was actually innocent of the offenses for which he had been convicted. *See id.* Judge Simandle dismissed the petition, finding that the Court lacked jurisdiction over the § 2241 case because the Petitioner had the opportunity to, but did not, raise this claim in his § 2255 motion. *See* Opinion, *Telfair v. United States*, Civ. No. 19-9379 (June 21, 2019), DE 3.
>
> In October 2019, Petitioner filed this, his fifth § 2241 petition in this action. (DE 1.) Petitioner simultaneously filed a motion for bail. (DE 1-3.) Petitioner has also filed two supplemental briefs. (DE 3, 4.)

*Telfair v. Ortiz*, No. 19-18872, 2019 WL 5692143, at *1–2 (D.N.J. Nov. 4, 2019) (footnotes omitted). In his fifth § 2241 petition, Petitioner raised:

> numerous claims challenging his conviction, including: lack of probable cause to arrest, unlawful detainment after "the conspiracy charges . . . were desolved [sic]"; insufficient evidence; flawed jury instructions; speedy trial violations; and ineffective assistance of counsel. (DE 1-1, 3, 4.) Petitioner also argues that he should not have been treated as a career offender, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that he is factually innocent of the charges against him, citing *United States v. Rowe*, 919 F.3d 752, 756 (3d Cir. 2019).

*Id*. at *3. Ultimately, Judge McNulty dismissed the fifth § 2241 petition for lack of jurisdiction, as none of the claims fell within the safety valve of § 2241. *Id*. at *3–4.

Thereafter, Petitioner filed various claims through a motion for compassionate release and a motion under Federal Rule of Civil Procedure 60(b). Judge McNulty denied the motion for compassionate release on the merits. *United States v. Telfair*, No. 08-757, 2021 WL 3185812, at *2 (D.N.J. July 28, 2021). On the other hand, Judge Wigenton dismissed the Rule 60(b) motion for lack of jurisdiction, finding that it was "in reality an attempt to file a second or successive § 2255 motion without leave of the Court of Appeals." *Telfair v. United States*, No. 13-6585, 2020 WL 948753, at *2 (D.N.J. Feb. 27, 2020).

In the present case, Petitioner filed his initial § 2241 petition in December of 2020 and filed the operative Amended Petition in April of 2021 (hereinafter "Petition"). In his Petition, Petitioner raises various sentencing challenges, evidentiary challenges, and claims under the Confrontation Clause of the Sixth Amendment. (ECF No. 7, at 33–79.)

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

Petitioner once again challenges his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or

sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

With those principles in mind, Petitioner raises various sentencing challenges, evidentiary challenges, and claims under the Confrontation Clause of the Sixth Amendment. (ECF No. 7, at 33–79.)

**A. Sentencing Enhancement Claims**

**1. *Alleyne* Claim**

First, Petitioner contends under Ground One, that the jury's general verdict along with his sentence, violated *Alleyne v. United States*, 570 U.S. 99, 102 (2013). (ECF No. 7, at 39.) Petitioner argues that the Court held him liable for drug transactions after his arrest, without submitting those questions of fact to a jury. He argues that those facts "increase[d] the drug amounts and Petitioner's sentencing penalties." (*Id.*)

In *Alleyne,* the Supreme Court held that a jury must find beyond a reasonable doubt, any fact that increases the mandatory minimum sentence for a crime. *Id*. The Third Circuit, however, has consistently held that "§ 2255 is not inadequate or ineffective for a prisoner to raise" *Alleyne* claims. *Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014); *see also Olivier-Diaz v. Warden Fort Dix FCI*, 562 F. App'x 65, 66 (3d Cir. 2014). Accordingly, since the

*Dorsainvil* exception does not apply here, this Court lacks jurisdiction under § 2241 to entertain this challenge to Petitioner's sentence.

**2. *Rowe* Claim**

To the extent Petitioner attempts to raise a claim once again under *United States v. Rowe*, 919 F.3d 752, 756 (3d Cir. 2019), this Court rejects the claim for substantially the same reasons set forth in Judge McNulty's earlier Opinion:

> The Third Circuit held in *Rowe* that separate acts of distribution of controlled substances are distinct offenses, and that the government cannot aggregate weights from separate transactions to prove an individual is guilty of possession with intent to distribute 1,000 grams or more of a controlled dangerous substance. *Rowe*, 919 F.3d at 760-61. Based upon this ruling, Petitioner argues that he cannot be guilty of conspiracy to distribute 1,000 grams or more of heroin because the government did not provide proof that he possessed 1,000 grams or more of heroin on one single occasion.
>
> I take no position on whether the Petitioner is interpreting Rowe correctly in relation to his conspiracy conviction. Rowe is not available as a source of relief because it is not an intervening Supreme Court case which has been made retroactively available on collateral review.
>
> Under Third Circuit case law, a petitioner must assert "a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening *Supreme Court* decision and our own precedent construing an intervening Supreme Court decision" in order to fall under the inadequate or ineffective safety valve of § 2241. *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (emphasis added).
>
> [. . . .]
>
> Thus, to bring this claim in a § 2241 petition, the intervening change must go to the criminality of the defendant's acts, and must come from the Supreme Court. *See Lafond,* 774 F. App'x at 719 (affirming District Court's order dismissing a § 2241 petition because the petitioner did not argue he was "detained for conduct that has subsequently been rendered non-criminal by an intervening *Supreme Court* decision") (emphasis added); *Bruce*, 868 F.3d at 180 ("What matters is that the prisoner has had no earlier

> opportunity to test the legality of his detention since the intervening *Supreme Court* decision issued.") (emphasis added).

*Telfair*, 2019 WL 5692143, at *4. Consequently, this Court will also dismiss Petitioner's *Rowe* claim for lack of jurisdiction.

Although not necessary to the Court's disposition, the Court observes that Petitioner's *Rowe* claim appears to lack merit. Petitioner's case involved a conspiracy charge rather than just an ordinary possession with intent to distribute charge. In contrast, "*Rowe* did not involve a conspiracy charge. Furthermore, '[b]ecause the drug quantity for conspiracy is an offense-specific determination of the quantity involved in the entire conspiracy, those drugs need not be possessed by any one conspirator at one specific time.' " *Bailey v. United States*, No. 1:17-13586, 2020 WL 7488891, at *4 (D.N.J. Dec. 21, 2020) (quoting *Britt v. United States*, No. 18-16357, 2020 WL 3249118, at *11 (D.N.J. June 16, 2020)); *see also United States v. Perrin*, No. 14-205-2, 2019 WL 3997418, at *3 (W.D. Pa. Aug. 23, 2019).

As a result, "Petitioner is mistaken on his underlying premise that adding up the drug quantities of separate transactions to support . . . [the] conspiracy was improper." *Britt*, 2020 WL 3249118, at *11. Accordingly, assuming *arguendo* that the Court had jurisdiction, the Court would have denied this claim on the merits.

**3. Remaining Sentencing Enhancement Claims**

Next, as to Ground Three, Petitioner appears to contend that this Court improperly enhanced his sentence under the Armed Career Criminal Act ("ACCA") and as a career offender under the Sentencing Guidelines. Petitioner vaguely argues that his prior convictions for second-degree robbery, third-degree criminal possession of a weapon, third-degree hindering apprehension, and second-degree aggravated assault, do not qualify as crimes of violence under the ACCA or the Sentencing Guidelines. (ECF No. 7, at 75.)

In essence, Petitioner appears to argue that he may challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its progeny,[1] which found the residual clause of the ACCA to be constitutionally void for vagueness. Petitioner's sentence, however, did not involve the ACCA. (*United States v. Telfair*, Crim. No. 08-0757, ECF No. 95.)

As a result, the Court will liberally construe the claim as challenging his career offender enhancement, under the Sentencing Guidelines, which at the time of sentencing contained a residual clause defining a "crime of violence" similarly to the one in the ACCA. *See United States v. Green*, 898 F.3d 315, 318–19 (3d Cir. 2018) (comparing U.S.S.G. § 4B1.2(a) (2008) with 18 U.S.C.§ 924(e)(2)(B)(ii)). Petitioner asks the Court to resentence him without the career offender enhancement.

These claims, however, do not fall within the *Dorsainvil* exception because they argue that Petitioner is actually innocent of a sentencing enhancement, as opposed to being actually innocent of the crimes for which he was convicted. *See, e.g.*, *Arbelaez-Agudelo v. Zickefoose*, 497 F. App'x 179, 182 (3d Cir. 2012) (addressing enhancements under the Sentencing Guidelines); *United States v. Brown*, 456 Fed. App'x 79, 81 (3d Cir. 2012); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases); *Adderly v. Hollingsworth*, No. 14-1800, 2015 WL 3629398, at *10 (D.N.J. June 9, 2015) (addressing ACCA claims); *see also Franklin v. Ortiz*, No. 18-13713, 2020 WL 3638279, at *2 (D.N.J. July 6, 2020).

Nor is § 2255 inadequate or ineffective to address sentencing enhancement claims. *Maher*, 2018 WL 2095594, at *2 (citing cases); *Crawford*, 2012 WL 5199167, at *1. Accordingly, the Court will dismiss Petitioner's sentencing enhancement claims for lack of jurisdiction.

[1] Petitioner submitted letters asking the Court to consider another of *Johnson's* progeny, the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021). In *Borden*, the Court held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." *Id*.

Although not necessary to the Court's disposition, the Court would have also denied the claim on the merits. The Supreme Court in *Beckles* explicitly rejected Petitioner's argument and held that *Johnson* did not create a new right as to the residual clause of the Sentencing Guidelines in their advisory form (*i.e.*, post-*United States v. Booker*, 543 U.S. 220 (2005)). *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017); *McKeller v. United States*, No. 16-3585, 2019 WL 4565248, at *3 (D.N.J. Sept. 20, 2019).

The Supreme Court reasoned that "the advisory Guidelines are not subject to vagueness challenges," because they do not "fix the permissible sentences for criminal offenses," and "merely guide the exercise of a court's discretion." *Beckles*, 137 S. Ct. at 890–92; *Green*, 898 F.3d at 320. "The Court explained that the two principles governing the vagueness doctrine—notice and avoiding arbitrary enforcement—do not apply to the advisory Guidelines." *Green*, 898 F.3d at 320 (citing *Beckles*, 137 S. Ct. at 892). As a result, the Court "determined that the advisory Guidelines cannot be challenged as constitutionally vague." *Id*.

In "light of *Beckles*, *Johnson's* holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines." *Id*. at 321. Accordingly, because this Court applied the advisory Guidelines in sentencing Petitioner, he cannot use *Johnson* or its progeny to challenge his career offender enhancement.

**B. Evidentiary and Confrontation Clause Claims**

Returning then to Ground Two, Petitioner contends that the evidence against him was insufficient to demonstrate a conspiracy. Petitioner alleges that after his arrest, undercover agents used his phone to negotiate future heroin transactions. (ECF No. 7, at 41.) Petitioner appears to argue that because one cannot conspire with a government agent, Petitioner must be innocent of the entire conspiracy. (*Id*.)

At the outset, it does not appear that the Government relied solely on those conversations to convict Petitioner of conspiring to distribute and possess with intent to distribute 1,000 grams or more of heroin. Rather, as the Third Circuit summarized:

> The Drug Enforcement Administration ("DEA") was notified that a heroin mill had been found at 185 Parker Street. DEA agents interviewed Filpo and Sanchez, who both identified Telfair as the owner or controller of the heroin mill. The DEA obtained a warrant to search 185 Parker Street for drug evidence and for evidence linking Telfair to the premises. When DEA agents executed the warrant, they collected the drug evidence from the basement and seized documentary evidence connecting Telfair to the location.
>
> Shortly after the shooting, the DEA attempted to find Telfair at the residence of his girlfriend, Catrina Gatling ("Gatling"), but she denied knowing Telfair. The DEA then obtained an arrest warrant for Telfair. On January 23, 2007, Telfair was arrested outside Gatling's residence. After he was Mirandized, Telfair admitted he was a heroin dealer, and told the DEA agents that he had been leaving to meet his heroin supplier, Carlos Alberto Antigua ("Carlito"), when he was arrested. Carlito repeatedly called Telfair during the interview.
>
> Carlito testified at trial that he began supplying heroin to Telfair in late August 2006. At the height of the relationship, Telfair was purchasing 100 bricks of heroin every three days. This continued for roughly four months. During this period, Carlito sold between four and five kilograms of heroin to Telfair.

*United States v. Telfair*, 507 F. App'x 164, 167–68 (3d Cir. 2012) (footnotes omitted).

In any event, at its core, Petitioner argues that the jury did not have sufficient evidence to convict him of the conspiracy. Section 2255, however, is not inadequate or ineffective to hear sufficiency of the evidence claims, and prisoners can raise such claims on direct appeal. *E.g.*, *Hatches v. Schultz*, No. 09-0848, 2009 WL 3152123, at *3 (D.N.J. Sept. 25, 2009); *Yepes v. United States*, No. 93-2310, 1993 WL 525578, at *3 (D.N.J. Dec. 15, 1993) (explaining the standard for reviewing a sufficiency of the evidence claim in a § 2255 proceeding); *see also United States v. Hilts*, No. 11-133, 2018 WL 1960948, at *2 (W.D. Pa. Apr. 26, 2018).

Similarly, as to Ground Four, Petitioner sets forth a number of Confrontation Clause claims under the Sixth Amendment, but § 2255 is not inadequate or ineffective to raise such claims, and prisoners can raise such claims on direct appeal. *E.g.*, *Brooks v. Warden Allenwood FCI*, No. 21-1158, 2021 WL 2623409, at *1–2 (3d Cir. June 25, 2021); *Adams v. United States*, 570 F. App'x 126, 128 (3d Cir. 2014); *Sellers v. United States*, No. 14-388, 2017 WL 434209, at *5 (D.N.J. Jan. 31, 2017). Accordingly, as § 2255 is not inadequate or ineffective to raise these claims, the Court lacks jurisdiction under § 2241 to address these claims.

**C. Jurisdiction under § 2241 and *Audita Quarella***

For all of the reasons discussed above, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication," or that he "had no earlier opportunity to challenge his conviction." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009); *Dorsainvil*, 119 F.3d at 251. Accordingly, the *Dorsainvil* exception does not apply here, and this Court lacks jurisdiction under § 2241 to entertain these challenges to Petitioner's conviction and sentence.

Ordinarily, that would be the end of the matter, but Petitioner appears to contend that this Court also has jurisdiction to hear his claims as a petition for writ of *audita querela*. The writ of *audita querela*, however, "survives only to the extent that it fills in gaps in the current system of post-conviction relief." *United States v. Gonzalez–Rivera,* 535 F. App'x 95, 96 (3d Cir. 2013) (per curiam) (citing *United States v. Valdez–Pacheco,* 237 F.3d 1077, 1079 (9th Cir. 2001)); *see also Garcia v. U.S. Parole Comm'n*, No. 12-0356, 2014 WL 1225435, at *3 (D.N.J. Mar. 24, 2014).

As Petitioner's claims are cognizable under § 2255, he cannot invoke the writ of *audita querela*. *Gonzalez–Rivera,* 535 F. App'x at 96 (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)); *see also Massey*, 581 F.3d at 174.

To the extent Petitioner argues that *audita querela* is necessary because he personally cannot use § 2255, the Court rejects that argument. Petitioner "may not seek relief through a petition for a writ of *audita querela* on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 . . . for filing a second or successive § 2255 motion to vacate sentence." *Massey*, 581 F.3d at 174.

Once again, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538.

As the Third Circuit has held, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs" such as *audita querela*. *United States v. Paster*, 190 F. App'x 138, 139 (3d Cir. 2006) (quoting *Valdez-Pacheco*, 237 F.3d at 1080); *see also Massey*, 581 F.3d at 174.

Taken together, this Court does not have jurisdiction under § 2241 or *audita querela* to hear Petitioner's claims. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.

Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Third Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interest of justice to transfer this Petition to the Third Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision does not prevent Petitioner from seeking permission from the Third Circuit on his own.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. Additionally, the Court will dismiss Petitioner's motion to appoint counsel as moot. An appropriate Order follows.

DATED: September 3, 2021

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge